clf\frazier-nco\pleadings\complaint(frazier)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA FRAZIER<br>117 W. 117th Street<br>New York, NY 10026-2280,<br>　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>507 Prudential Road<br>Horsham, PA 19044,<br>　　　　　　　　　Defendant. | CIVIL ACTION NO. |

## COMPLAINT

**I.　INTRODUCTION**

　　1.　This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

　　2.　The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

　　3.　Defendant is subject to strict liability for using collection tactics which violate the provisions of the FDCPA.

**II.　JURISDICTION**

　　4.　Jurisdiction arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §§ 1331, 1337.

**III.　PARTIES**

　　5.　Plaintiff Angela Frazier is an adult individual residing in New York, NY at the address captioned.

6. Defendant NCO Financial Systems, Inc. is a corporation with its principal office located at 507 Prudential Road, Horsham, Pennsylvania 19044.

7. The principal purpose of NCO Financial Systems, Inc. is the collection of consumer debts already in default using the mails and telephone.

8. NCO Financial Systems, Inc. regularly attempts to collect said debts alleged to be due another.

9. NCO is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

10. On or about September 8, 2007, Defendant wrote and sent to Plaintiff by U.S. mail a collection letter (the "September 8 Letter") which attempted to coerce Plaintiff into paying the alleged debt. The September 8 Letter demanded payment as follows:

> CREDITOR: UNIVERSITY OF PENNSYLVANIA
> ACCOUNT #: XXXXXXXX 01
> REGARDING:  TUITION
> PRINCIPAL: $753.68
> **INTEREST: $ 0.00**
> **INTEREST RATE:**
> COLLECTION CHARGES: $ 0.00
> COSTS:  $0.00
> OTHER CHARGES: $79.17
> TOTAL BALANCE: $832.85

(Emphasis supplied). A true and correct copy of the September 8 Letter is attached hereto as Exhibit A and is incorporated herein.

11. On or about September 24, 2007, Defendant wrote and sent to Plaintiff by U.S. mail a second collection letter (the "September 24 Letter") which attempted to delineate the alleged debt. The September 24 Letter demanded payment as follows:

        ACCOUNT #: xxxxxxxx01
        PRINCIPAL: $ 753.68
        OTHER: $90.48
        COLLECTION CHARGES: $0.00
        **INTEREST: $0.00**
        **INTEREST RATE PER ANNUM:   %**
        BALANCE: $844.16

(Emphasis supplied). A true and correct copy of the September 24 Letter is attached hereto as Exhibit B and is incorporated herein. (The September 8 Letter and the September 24 Letter, together, the "Letters").

    12.    If the "other" charge is actually a mislabeled finance charge, the rate being assessed is over 35% -- an illegal and usurious sum.

    13.    The Letters were false, deceptive, misleading and unfair in that they disclosed that the Plaintiff owed money to the University of Pennsylvania, at some account that carried an interest rate of "_____" and interest of zero, but nonetheless demanded payment of a liquidated and increasing sum ostensibly of interest.

    14.    Plaintiff, and the least sophisticated consumer, would be made uncertain or confused by the Letters because it demanded payment of interest dubbed "other charges" while at the same time stating that the interest rate was zero, the interest sum was zero, and collection charges were zero.

    15.    Plaintiff owes no funds to Penn in any event.

## FAIR DEBT COLLECTION PRACTICES ACT

    16.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

17. Defendant violated the FDCPA in the following ways:

(a) Using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of section 1692e of the FDCPA;

(b) Falsely representing the character, amount or legal status of the alleged debt, in violation of section 1692e(2)(A) of the FDCPA;

(c) Using unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of section 1692f of the FDCPA;

(d) Attempting to collect, or collection of, an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of section 1692f(1) of the FDCPA; and

(e) Failing to provide a written notice containing the accurate amount of the alleged debt, as required by section 1692g(a)(1) of the FDCPA.

**WHEREFORE**, Plaintiff Angela Frazier demands judgment against Defendant NCO Financial Systems, Inc. for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:  08/28/08

*/s/ Cary L. Flitter (CLF5997)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 668-0770